UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROSA W. SCARCELLI, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) Case No. _____ |
| PAMELA W. GLEICHMAN, | ) |
| | ) |
| Defendant | ) |
| and | ) |
| | ) |
| CHRISTOPHER J. W. COGGESHALL, | ) |
| Trustee of The Promenade Trust, | ) |
| | ) |
| Party-in-Interest | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND EQUITABLE RELIEF

NOW COMES the Plaintiff Rosa Scarcelli, by and through her counsel, Norman, Hanson & DeTroy, LLC, and states the following:

1. The Plaintiff Rosa Scarcelli is a resident of the City of Portland, State of Maine.

2. The Defendant Pamela Gleichman is a resident of the State of Illinois.

3. The Promenade Trust is a trust formed under the laws of the State of Maine with Christopher Coggeshall, a resident of Maine, the sole Trustee. Rosa Scarcelli is one of three beneficiaries of The Promenade Trust and Pamela Gleichman is not a

beneficiary. Upon information and belief, the interests of The Promenade Trust are substantially aligned with the Plaintiff Rosa Scarcelli.

## Jurisdiction

4. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## General Factual Allegations

5. Oak Knoll Associates Limited Partnership (hereinafter "Oak Knoll LP") is a limited partnership formed in 1988 under the laws of the State of Connecticut and governed by the laws of Connecticut. Under the original Limited Partnership Agreement executed in 1988, the Managing General Partner was Gleichman & Company, Inc. and Pamela W. Gleichman was a General Partner. The original Limited Partners were Oak Knoll Cooperative, Inc. and The Promenade Trust.

6. Oak Knoll LP was formed for the purpose of acquiring certain real property and improvements thereon located in Norwalk, Connecticut and developing and owning that property as a subsidized housing project regulated under the provisions of the Connecticut Housing Finance Authority Act and Connecticut Housing Finance Authority (CHFA).

7. An "Amendment to Limited Partnership Agreement of Oak Knoll Associates Limited Partnership" was executed on February 1, 1997, pursuant to which

Gleichman & Company, Inc. withdrew as Managing General Partner; Oak Knoll Cooperative, Inc. withdrew as a Limited Partner; Pamela W. Gleichman individually was substituted as Managing General Partner; and Rosa Scarcelli was admitted as a General Partner. Therefore, upon execution of and subsequent to the February 1, 1997 amendment, Oak Knoll LP had two General Partners, Pamela W. Gleichman and Rosa W. Scarcelli, with Pamela Gleichman acting as Managing General Partner; and one remaining Limited Partner, The Promenade Trust. This composition of general and limited partners remains to this day.

8. The subsidized housing project owned by Oak Knoll LP (hereinafter referred to as the "Oak Knoll Project") is an affordable housing project regulated by and financed through the Connecticut Housing Finance Authority.

9. In accordance with the amortization schedule under the current financing, the note for which Oak Knoll LP is obligated will be paid in full on August 1, 2019 if all future payments are made as scheduled.

10. On or about October 11, 2011, Oak Knoll LP as Seller and Navarino Capital Management LLC as Purchaser entered into a purchase and sale agreement for the Oak Knoll Project (the "P & S Agreement"). (This P & S Agreement erroneously identifies the General Partner entering into the agreement on behalf of Oak Knoll LP as Gleichman & Company, Inc., with Pamela Gleichman signing in her capacity as President of Gleichman & Co., Inc.. Gleichman & Co. withdrew as Managing General Partner in 1997).

11.     The P & S Agreement provides in Article 3.1 for a 45-day Inspection Period, which Inspection Period, upon information and belief, has been extended on one or more occasions with the most recent extension expiring on February 24, 2012.  In accordance with Article 3.2 of the P & S Agreement, Purchaser has the unilateral right to terminate the agreement "for any reason or no reason" prior to the expiration of the Inspection Period as extended.

12.     In accordance with Article 4.1 of the P & S Agreement, a Closing on the property must occur no later than 30 calendar days after the expiration of the Inspection Period.

13.     If a closing occurs on the sale of the Oak Knoll Project, in accordance with Article 1.4 of the P & S Agreement, the purchase price "shall be payable in full at Closing in cash by wire transfer of immediately available federal funds to a bank account designated by Seller in writing to Purchaser prior to the Closing." It is unknown at this time what bank account Pamela Gleichman will designate for receipt of such funds.

14.     The purchase price under the current P & S Agreement is $950,000.00 less than the purchase price offered in a Letter of Intent by the same buyer dated June 21, 2010, which offer was rejected by Pamela Gleichman at that time.

15.     Under applicable Connecticut law and regulations, CHFA is entitled to impose a "Program Maintenance Fee", which in essence is a prepayment penalty,  that would be triggered by the sale of the Oak Knoll Project if the sale results in the payoff of

the CHFA financing. The amount of the "Program Maintenance Fee" changes over time, but upon information and belief, exceeded $600,000 as of November of 2011.

16. In accordance with Article 4.1.1 of the Oak Knoll Limited Partnership Agreement as amended effective February 1, 1997, profits and all distributions of surplus cash from operations, whether upon dissolution of the Partnership or otherwise, shall be allocated and distributed one hundred percent (100%) to the Limited Partner, with losses to be allocated one hundred percent (100%) to the General Partner. In accordance with Article 4.1.2 of the Limited Partnership Agreement, capital proceeds shall be allocated and distributed 100% to the Limited Partner. All distributions are subject to the payment of legitimate partnership expenses.

17. Pamela Gleichman, either personally or through representatives, has stated her position to the Trustee of The Promenade Trust and to Rosa Scarcelli, and/or to their representatives, that she asserts an entitlement to a portion of the proceeds from the sale of the Oak Knoll Project prior to any payment to the Limited Partner. Pamela Gleichman's previously stated legal basis for this claim are the accrued but unpaid owner distributions reflected in the financial statements of Oak Knoll, LP, which currently exceed $1,000,000.

18. Pamela Gleichman has been informed by both the Trustee of The Promenade Trust and Rosa Scarcelli, and/or their representatives, that any owner distributions must be made in accordance with the provisions of the Limited Partnership

Agreement as amended, and that she has no entitlement to any unpaid owner distributions thereunder.

19. On multiple occasions, demands have been made upon Pamela Gleichman to agree, that in the event of a closing on the Oak Knoll Project, all sale proceeds be held in a mutually agreeable escrow arrangement until such time as all claims to such proceeds have been resolved by agreement or otherwise.

20. Pamela Gleichman has refused to agree to any arrangement that adequately protects the Limited Partnership against her unilateral decision to take from the sale proceeds whatever amount she deems herself entitled to.

21. Upon information and belief, Pamela Gleichman is under severe financial pressures and in default on personal obligations and obligations of various business interests in which she is a partial or sole owner. These financial difficulties include the entry of monetary judgment(s) against her, the pendency of various foreclosure proceedings on residential and business properties and pending bankruptcies of business entities in which she has a direct or indirect managerial and/or equity interest.

22. Pamela Gleichman's adverse financial circumstances have caused her to seek economic recovery from any monetary sources to which she may have access by virtue of the positions she holds in various business entities, including her position as Managing General Partner in Oak Knoll LP.

23. As a result of Pamela Gleichman's adverse financial circumstances, Pamela Gleichman has exercised her powers as Managing General Partner in Oak Knoll LP solely for the benefit of her personal circumstances to the clear and obvious detriment to the other General Partner and the Limited Partner in Oak Knoll LP.

24. The decision to sell the Oak Knoll Project under the terms and conditions of the P & S Agreement, under all the circumstances presented, is not a decision consistent with the exercise of reasonable business judgment.

25. Pamela Gleichman's reason for pursuing sale of the Oak Knoll Project at this time under the circumstances presented is solely to advance her personal interests by acquiring possession and control over sale proceeds from which she can take a substantial sum to which she is not entitled in order to assist her with other unrelated financial obligations.

26. Under the present circumstances, if Navarino Capital Management, LLC seeks to renegotiate the terms of the P & S Agreement following the Inspection Period, Pamela Gleichman's agreement to any such new terms less favorable to Oak Knoll LP than the terms under the P & S Agreement would constitute a breach of Pamela Gleichman's fiduciary obligations.

COUNT I
(Equitable Relief Establishing Escrow)

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28.     In light of Pamela Gleichman's control over any sale proceeds in her capacity as Managing General Partner and her stated intention to take for her personal benefit significant portions of the sale proceeds to which she is not entitled, conduct in breach of her fiduciary duties as Managing General Partner, the establishment of an escrow account into which the sale proceeds should be deposited pending resolution of these issues is necessary for the protection of the Limited Partner, The Promenade Trust.

WHEREFORE, the Plaintiff respectfully requests that this Court issue an appropriate Order requiring all sale proceeds from the sale of the Oak Knoll Project to be placed in escrow in accordance with terms agreed upon by all parties or established by this Court in the absence of any such agreement.

COUNT II
(Declaratory Judgment)

29.     Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30.     Rosa Scarcelli and The Promenade Trust are entitled to a judgment declaring that Pamela Gleichman is not entitled to a portion of any sale proceeds as claimed by her and that all net proceeds be distributed to the Limited Partner in accordance with the Limited Partnership Agreement and the "Amendment to Limited Partnership Agreement of Oak Knoll Associates Limited Partnership" executed on February 1, 1997.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment declaring that Pamela Gleichman is not entitled to a portion of any sale proceeds as claimed by her and that all net proceeds be distributed to the Limited Partner in accordance with the Limited Partnership Agreement and the "Amendment to Limited Partnership Agreement of Oak Knoll Associates Limited Partnership" executed on February 1, 1997.

COUNT III
(Injunctive Relief)

31.  Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32.  Any actions on the part of Pamela Gleichman to modify the P & S Agreement on terms less favorable to Oak Knoll LP are not actions taken by her in good faith and constitute breaches of her fiduciary duties.

33.  Irreparable harm will result to Oak Knoll LP and the Limited Partner if Pamela Gleichman agrees to subsequent modifications to the P & S Agreement and such sale is consummated under those modified terms.

34.  Under the circumstances presented, Pamela Gleichman should be enjoined from entering into any new contractual agreement regarding the sale of the Oak Knoll Project without the consent of the Plaintiff and the Limited Partner and/or the approval of this Court.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order enjoining Pamela Gleichman from entering into any additional contractual commitments relating to sale of the Oak Knoll Project without the consent of the parties hereto and/or approval of this Court.

Dated at Portland, Maine this 28th day of February, 2012.

                                                                               s/James D. Poliquin
                                                                               James D. Poliquin, Esq.

                                                                               s/Paul F. Driscoll
                                                                               Paul F. Driscoll, Esq.

                                                                               s/Russell B. Pierce, Jr.
                                                                               Russell B. Pierce, Jr., Esq.
                                                                               Attorneys for Plaintiff

NORMAN, HANSON & DeTROY, LLC
415 Congress Street
P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000
jpoliquin@nhdlaw.com
pdriscoll@nhdlaw.com
rpierce@nhdlaw.com