**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

ROSA W. SCARCELLI,                              )
                                                )
        Plaintiff                 )
                                                )
v.                                              )
                                                )    Case No. 2:12-cv-72-GZS
PAMELA W. GLEICHMAN,                            )
                                                )
        Defendant                 )
                                                )
and                                             )
                                                )
CHRISTOPHER J. W. COGGESHALL,                   )
Trustee of The Promenade Trust,                 )
                                                )
        Party-in-Interest         )

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment (Docket # 29), which was filed on April 30, 2012.  In support of the motion, Plaintiff Scarcelli relies upon the facts pleaded in the Amended Complaint (Docket # 4) admitted by Defendant Gleichman by default, the affidavit of Rosa W. Scarcelli with exhibits (Docket # 8), the affidavit of Christopher J. W. Coggeshall with exhibits (Docket # 9), the affidavit of James D. Poliquin with exhibits (Docket # 10), and the Court's prior Order on Motion for Preliminary Injunction (Docket # 28).

Finding no need for additional hearings or investigation, the Court GRANTS the Motion.

<u>PROCEDURAL HISTORY</u>

This civil action for declaratory judgment and other equitable relief was commenced by a complaint filed on February 29, 2012 (Docket # 1).  This action concerns a subsidized 42-unit apartment project in Norwalk, Connecticut owned by Oak Knoll Associates Limited Partnership known as Oak Knoll Apartments (the "Oak Knoll Project").  An Amended Complaint for declaratory judgment and equitable relief was filed on March 16, 2012 (Docket # 4).  The

Plaintiff filed a Motion to Approve Service by Alternate Means (Docket # 5), which motion was granted on March 26, 2012 (Docket # 15). Alternate service was made and the Defendant failed to answer or otherwise respond. Default was entered by the Clerk on April 19, 2012 (Docket # 23). The Plaintiff's Motion for Preliminary Injunction was granted by Order dated April 25, 2012 (Docket # 28). The Plaintiff now moves for default judgment on the Amended Complaint pursuant to Rule 55(b)(2).

<u>STANDARDS GOVERNING DEFAULT JUDGMENTS UNDER RULE 55(B)(2)</u>

If a default is entered because of the Defendant's failure to plead or otherwise defend, the facts stated in the complaint are taken as true, *see, e.g., Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1 (1st Cir. 2002); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002); *United States v. Ponte*, 246 F.Supp.2d 74, 76 (D. Me. 2003), with the legal import of those facts left for the Court's determination. *See Bonilla v. Trebol Motor Corp.*, 150 F.3d 77, 80 (1st Cir. 1998). If a defendant against whom default is entered has failed to appear, no notice to that party is required prior to the entry of default judgment. *See, e.g., Ortiz-Gonzalez,* <u>supra</u> at 63. An evidentiary hearing is not required prior to entry of a default judgment unless the Court deems it necessary to determine the amount of damages or to establish the truth of an allegation that is not established by evidence in the record or facts deemed admitted in the complaint. *See, e.g., Ortiz-Gonzalez,* <u>supra</u> at 64; *Elektra Entertainment Group, Inc. v. Carter*, 618 F.Supp.2d 89, 94 (D. Me. 2009); *Katahdin Paper Co. v. U & R Systems, Inc.*, 231 F.R.D. 110 (D. Me. 2005). An evidentiary hearing is not required to establish a breach of fiduciary duty if the defendant has defaulted. *See Finkel v. Romanowicz*, 577 F.3d 79 (2d Cir. 2009). The Court determines that no evidentiary hearing is required in this case.

## STANDARD FOR PERMANENT INJUNCTION

The standard for issuing a permanent injunction requires the Court to find the following:

(1)     Plaintiffs prevail on the merits;

(2)     Plaintiffs would suffer irreparable injury in the absence of injunctive relief;

(3)     The harm to Plaintiffs would outweigh the harm the Defendant would suffer from the imposition of an injunction; and

(4)     The public interest would not be adversely affected by an injunction.

*A. W. Chesterton Co. v. Chesterton*, 128 F.3d 1, 5 (1st Cir. 1997); *Elektra Entertainment Group, Inc. v. Carter*, 618 F.Supp.2d 89, 94 (D. Me. 2009).

## FINDINGS OF FACT

The majority of facts relevant to the default judgment issues are set forth in this Court's Order on Motion for Preliminary Injunction (Docket # 28) and are incorporated by reference herein. In addition, certain facts pleaded in the Amended Complaint are accepted as true for purposes of evaluating the propriety of the requested default judgment. The additional factual allegations in the Amended Complaint that the Court accepts as true on the present record include the following:

> 22. Pamela Gleichman's adverse financial circumstances have caused her to seek economic recovery from any monetary sources to which she may have access by virtue of the positions she holds in various business entities, including her position as Managing General Partner in Oak Knoll LP.

> 23. As a result of Pamela Gleichman's adverse financial circumstances, Pamela Gleichman has exercised her powers as Managing General Partner in Oak Knoll LP solely for the benefit of her personal circumstances to the clear and obvious detriment to the other General Partner and the Limited Partner in Oak Knoll LP.

24.   The decision to sell the Oak Knoll Project under the terms and conditions of the P & S Agreement, under all the circumstances presented, is not a decision consistent with the exercise of reasonable business judgment.

25.   Pamela Gleichman's reason for pursuing sale of the Oak Knoll Project at this time under the circumstances presented is solely to advance her personal interests by acquiring possession and control over sale proceeds from which she can take a substantial sum to which she is not entitled in order to assist her with other unrelated financial obligations.

Amended Complaint, ¶¶ 22-25 (Docket # 4).

The record evidence as a whole, not simply the factual allegations in the complaint accepted as true by default, demonstrates the past failure of Defendant Gleichman to comply with her statutory and fiduciary obligations as the Managing General Partner of Oak Knoll Associates Limited Partnership and the likelihood of such continued behavior to the detriment of the other partners with an actual economic stake in the partnership assets if permanent injunctive relief is not ordered.

1.   The Plaintiff Prevails on the Merits.

For the reasons set forth in the Order on Motion for Preliminary Injunction (Docket # 28), the Court determines that the Plaintiff is entitled to prevail on the merits of the claim with respect to entitlement to any sale proceeds.  The relief granted Plaintiff will include the requested declaratory judgment that Pamela Gleichman is not entitled to any proceeds from any sale of the Oak Knoll Project and that all net sale proceeds from any such sale are payable to Christopher J. W. Coggeshall, Trustee of The Promenade Trust.  Therefore, this requirement for issuance of a permanent injunction has been met.

2.   Irreparable Injury to the Plaintiff in the Absence of Injunctive Relief.

4

The Court finds that the Plaintiff Rosa Scarcelli and Party-in-Interest The Promenade Trust will suffer irreparable harm if permanent injunctive relief is not granted.  The record establishes a pattern of prior conduct by Defendant Gleichman in breach of her fiduciary duties with no basis to conclude that this pattern of conduct would not continue if permanent injunctive relief is not granted.  The Court also concludes that irreparable harm will result if the Defendant Gleichman is entitled to exercise sole authority regarding future decisions to transfer the sole partnership asset without the consent of the other General Partner, Rosa Scarcelli.

3.      The Balance of Relevant Hardships.

Since The Promenade Trust is entitled to all net sale proceeds, Defendant Gleichman suffers no cognizable hardship by injunctive relief compelling her to take the necessary actions to deliver any such proceeds to The Promenade Trust.  With respect to the injunctive relief pertaining to any future transaction involving the sale of the sole partnership asset, requiring the consent of the other General Partner, Rosa Scarcelli, also imposes no cognizable hardship on Defendant Gleichman because Defendant Gleichman has no economic interest in any transaction involving the sale of the Project.  The only "harm" to Defendant Gleichman is the loss of her sole discretion with respect to the most significant transaction of the partnership in terms of potential adverse impact on other partners.  Even if this harm is considered a cognizable one for purposes of a permanent injunction, under the circumstances demonstrated in the record, that harm is outweighed by the harm to the Plaintiff and the only Limited Partner, the Promenade Trust.

4.      Impact on Public Interest.

The public interest would not be adversely affected by the permanent injunctive relief.

CONCLUSION

For reasons just stated, the Court GRANTS Plaintiff's Motion for Entry of Default Judgment by the Court (Docket # 29). The Clerk shall enter default judgment as follows:

1.     Judgment shall enter in favor of Plaintiff on all counts.

2.     Pursuant to Count II of the Amended Complaint, the Court declares that Pamela Gleichman is not entitled to any proceeds from any sale of the Oak Knoll Project and that all net sale proceeds from any such sale are payable to Christopher J. W. Coggeshall, Trustee of The Promenade Trust;

3.     Pursuant to Counts I, III and IV of the Amended Complaint, the Court grants permanent injunctive relief against Defendant Gleichman enjoining her as follows:

(a)     Defendant Gleichman is enjoined from transferring the net sale proceeds from any sale of the Oak Knoll Project to any person or entity other than Christopher J. W. Coggeshall, Trustee of The Promenade Trust. The net sale proceeds means all proceeds following sale after payment of all normal and legitimate expenses and disbursements associated with such sale transaction, which expenses and disbursements shall not include payment of any sums to Defendant Gleichman.

(b)     Defendant Gleichman shall instruct any purchaser of the Oak Knoll Project to transfer all net sale proceeds to Trustee Christopher J. W. Coggeshall pursuant to any instructions provided by him.

(c)     In the event Defendant Gleichman comes into possession of any net sale proceeds from sale of the Oak Knoll Project, Defendant Gleichman shall immediately transfer those net sale proceeds to Trustee Christopher J. W. Coggeshall.

(d)     Within ten (10) days of the entry of this Order, the Defendant Gleichman shall provide to Rosa Scarcelli and Christopher J. W. Coggeshall, or their designees, copies of all agreements and written communications between Gleichman and/or her agents and Navarino Capital Management or any prospective purchaser of the Oak Knoll

Project, and/or their agents, relating to the potential sale of the Oak Knoll Project, and any future agreements and communications within twenty-four (24) hours of their occurrence.  Defendant Gleichman need not produce any documents already produced in compliance with the Order on Motion for Preliminary Injunction (Docket # 28).

(e)    Pamela Gleichman is enjoined from entering into any contract for the sale of the Oak Knoll Project without the prior written consent of General Partner Rosa Scarcelli.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 31st day of May, 2012.

7